UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HERBERT L. DRAYTON,

    Plaintiff,

v.                                                           Case No. 2:06-cv-115
                                                          HON. ROBERT HOLMES BELL

PENNY ROGERS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Herbert L. Drayton, confined at the Hiawatha Correctional Facility (HTF), filed this prisoner 42 U.S.C. § 1983 action against nurse Penny Rogers and Warden Linda Metrish. Plaintiff suffers with chronic and recurring psoriasis and related arthritis. Plaintiff alleges that he had a mild skin flare-up in February 2005. He was prescribed a topical corticosteroid cream and lotion by Dr. Hayes and an oral antihistamine. Plaintiff was transferred to HTF on May 6, 2005. Plaintiff was still under the care of Dr. Hayes and was still experiencing the skin problem. Plaintiff alleges that he was evaluated by defendant Rogers in May 2005. In June 2005, plaintiff did not receive any more medication for his condition. Plaintiff was still experiencing the skin problem at the time the treatment was discontinued. Plaintiff's condition began to progressively worsen after treatment was discontinued. Plaintiff was seen by defendant Rogers for an unrelated medical reason in June 2005. He informed defendant Rogers that his skin had worsened and requested some treatment and a referral to a physician. Plaintiff alleges that defendant Rogers told him that he was not being seen for that condition. Plaintiff received no treatment. From June to August, plaintiff's

skin worsened to a severe condition. Up to 80 percent of plaintiff's body was covered with plaques and pustules which frequently cracked, bled, scaled and left plaintiff's skin raw, inflamed and ulcerated. The pustules burst frequently emitting clear and cloudy fluids. Plaintiff's requests for medical care were ignored. Plaintiff alleges that he was housed in an overly crowded barrack. Due to his condition, he was forced to sleep with sheets soaked in his own blood. Plaintiff alleges that he had difficulty climbing into and down from his assigned top bunk. After plaintiff and his wife complained, plaintiff alleges that he did receive some medical care in August 2005. Plaintiff was given an injection and defendant Rogers reissued the cream and lotion. Plaintiff states that he received no further treatment or follow-up and that the cream and lotion were no longer effective. On September 6, 2005, plaintiff was given another injection of solarium psoralen and a medrol-dosepak.

Plaintiff was examined by the prison physician on September 7, 2005, and prescribed Methotrexate. Plaintiff believes that this drug is a toxic chemotherapy drug with adverse side effects. Plaintiff alleges that this drug, combined with the conditions of his confinement, increases his risk of adverse reaction and susceptibility to infection. Plaintiff attempted to discuss his situation with defendant Metrish on the prison yard. Defendant Metrish stated "I don't want to talk to you," and walked away. Plaintiff alleges that defendant Metrish received prison grievances he filed against defendant Rogers. Plaintiff alleges that in January 2006 he was finally assigned a bottom bunk and afforded a blanket exchange.

Presently before the Court is Defendant Roger's Motion to Dismiss for failure to exhaust grievance remedies and Defendant Metrish's Motion for Summary Judgment filed pursuant to Fed. R. Civ. P. 56. Plaintiff has filed responses and the matters are ready for decision.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants argue that plaintiff has failed to show that he properly exhausted his grievance remedies. In *Jones v. Bock*, 127 S. Ct. 910 (Jan. 22, 2007), the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." Moreover, the burden is on defendants to show that plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. Exhaustion is no

longer a pleading requirement. The Supreme Court also rejected total exhaustion, holding that when a defendant establishes lack of exhaustion as an affirmative defense, only the unexhausted claim may be dismissed. The fact that plaintiff attaches grievances to his complaint that may not show exhaustion of every issue presented is of no consequence, because plaintiff has no duty to show exhaustion. The burden lies solely with a defendant to show that plaintiff failed to exhaust grievance remedies. It is each defendant's responsibility to support a motion for summary judgment with specific reasons why a issue should be dismissed for failure to exhaust. A general statement that plaintiff failed to exhaust his grievance remedies will not be sufficient. Moreover, where defendants' claim that a grievance was not properly filed, it is also defendants' burden to establish that plaintiff's grievances were procedurally defective. In *Woodford v. Ngo*, 126 S. Ct. 2378, 2393 (2006), the Supreme Court held that a prisoner fails to satisfy the Prison Litigation Reform Act's (PLRA) exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance. Defendants have asserted that since the grievances that plaintiff attached to his complaint were dismissed as duplicative, his filings were procedurally defective. However, what is ignored in the argument is that if a grievance is dismissed as duplicative then another prior grievance must have been filed that likely exhausted the claims. Otherwise, it is unlikely that the MDOC could find a subsequent grievance duplicative. Accordingly, because defendants have not met their burden, their motion should be denied on the exhaustion issues.

Defendant Metrish argues that she was not involved in alleged unconstitutional conduct. Plaintiff has alleged that he wrote the warden a letter and tried to talk to her once in the yard. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere

allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims

cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990). Defendant Metrish has indicated that she does not supervise health service employees. In the opinion of the undersigned, plaintiff has not alleged facts establishing that defendant Metrish was personally involved in the activity which forms the basis of his claim.

Defendant Metrish also moves for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there

is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

>   The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of the pre-existing law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40. *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

The Sixth Circuit has observed:

>  A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred.

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus qualified immunity is not triggered only where the very action in question was previously held unlawful. *Anderson*, 483 U.S. at 639-40. Rather, the test is whether the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights. *Id.*

Furthermore, a defendant need not actively participate in unlawful conduct in order to be liable under Section 1983. Rather, a defendant may be liable where he has a duty to protect a plaintiff and fails to comply with this duty. *Durham*, 97 F.3d at 866-868 (holding that a nurse and

a security guard at a state hospital may be liable under Section 1983 where they do not take action to prevent a patient from being beaten). *See also McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990)(a correctional officer who observes an unlawful beating may be liable under Section 1983 even though he did not actively participate in the beating), and *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), *cert. denied sub nom*, *Bates v. Bruner*, 459 U.S. 1171 (1983)(police officers who stood by and observed an unlawful beating by fellow officers could be held liable under Section 1983).

When faced with a qualified immunity defense, the court must first determine whether or not the plaintiff has stated a claim upon which relief can be granted. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Turner*, 119 F.3d at 429. If the court answers that question in the affirmative, the court goes on to determine whether or not the right allegedly violated was clearly established. *Turner*, 119 F.3d 425. These are both purely legal questions. The immunity issue should not be resolved if there are factual disputes on which the issue of immunity turns such that it cannot be determined before trial whether the defendants' conduct violated clearly established rights. *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991). Plaintiff has failed to show that defendant Metrish was involved in the alleged violation of his constitutional rights. In the opinion of the undersigned, defendant Metrish is entitled to qualified immunity from liability.

In summary, in the opinion of the undersigned, plaintiff has failed to sustain his burden of proof in response to Defendant Metrish's motion for summary judgment. Accordingly, it is recommended that Defendant Metrish's Motion Summary Judgment (Docket #22) be granted. It is further recommended that Defendant Penny Roger's Motion to Dismiss (Docket #32) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of

this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   June 1, 2007